UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINICK L. FLETCHER,

     Plaintiff,

v.                                Case No:   8:25-cv-03439-JLB-TGW

SHERIFF CHAD CHRONISTER, et
al.,

     Defendants.

                                        /

## ORDER

Before the Court is *pro se* Plaintiff Dominick Fletcher's Complaint against Defendants Sheriff Chad Chronister, Deputy Gabriella Miceli, and Sergeant Jessica A. Ennis in their individual capacities, as well as John Does #1 and #2 and unknown supervisors and officers. (Doc. 1). The Magistrate Judge has issued a Report and Recommendation, recommending that the Complaint be dismissed without prejudice as a shotgun pleading. (Doc. 6). Plaintiff timely objected. (Doc. 7). For the reasons stated below, the Court agrees that the Complaint is due to be **DISMISSED without prejudice**.

## LEGAL STANDARD

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320).

## DISCUSSION

Plaintiff's Complaint brings seven claims, including claims for false arrest, excessive force, deliberate indifference, malicious prosecution, violation of the Americans with Disabilities Act, violation of the Rehabilitation Act, and *Monell* liability.  (*See* Doc. 1 at 4–5).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320).  Rule 8(a) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

Upon review of the Complaint, the Magistrate Judge correctly noted that the Complaint contains deficiencies.  (Doc. 6 at 2).  First, the Complaint fails to comply with Federal Rule of Civil Procedure 10(b).  Indeed, each of the seven claims merely "realleges the Facts section" without specifying which facts are pertinent to the claim.  (Doc. 1 at 4–5).  Second, the Complaint fails to comply with Federal Rule of

Civil Procedure 8(a)(2).  Each of the seven claims contain conclusory and vague statements, failing to provide specific detail to support entitlement to relief.  (*See* Doc. 1 at 4–5).

While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings."  *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998)).  The Court will provide Plaintiff one chance to remedy these deficiencies, providing leave to file an amended complaint within 21 days from the date of this Order.  *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *Jackson v. Bank of Am.*, N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro*, 878 F.3d at 1295) (emphasis added) ("[A] district court must give the plaintiff '***one chance*** to remedy such deficiencies.'").  No new claims may be added to the amended complaint.

*—Rest of page intentionally left blank —*

3

## CONCLUSION

Accordingly, it is **ORDERED**:

(1)     The Report and Recommendation (Doc. 6) is **ADOPTED** and made a part of this Order for all purposes.

(2)     Plaintiff's (Doc. 7) Objections to the Report and Recommendation are **OVERRULED**.

(3)     Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(4)     Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED as moot**.

(5)     Plaintiff may file an amended complaint within 21 days from the date of this Order. No new claims may be added to the amended complaint.

**ORDERED** in Tampa, Florida, on March 27, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE